**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BRANDON MURRAY JACKSON**                                                        **PLAINTIFF**

**V.**                                     No. 4-07-CV-737-BSM

**HANDCUT STEAKS OF LAKEWOOD, Inc.**                                       **DEFENDANT**
**d/b/a SADDLE CREEK WOODFIRED GRILL**

**PROTECTIVE ORDER**
**(Subpoena to Paychex)**

Defendant applies to the Court for entry of a Protective Order concerning a Subpoena *Duces Tecum* and a related Notice of Deposition on Written Interrogatories to Paychex, Inc. This is a case where Plaintiff, a white male, alleges discrimination, including a hostile work environment and retaliatory discharge, while working at a restaurant. Plaintiff has subpoenaed records from Paychex, Inc., who did the payroll processing for Defendant. Defendant seeks to redact those records, and to have them produced only after redaction. For good cause shown, and by agreement of the parties, the Court enters this Protective Order.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED:

1.  For purposes of this Protective Order, "Confidential Documents" shall

-1-

include any documents requested from, or produced by, Paychex, Inc., as those documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature.  For purposes of this Protective Order, "Confidential Information" shall include any information obtained from Paychex, Inc., in response to any written interrogatories or in any deposition, with the exception of information specifically and solely related to Mr. Brandon M. Jackson.  "Confidential Information" shall specifically include the names of any other employees of Defendant, the addresses of any other employees, the social security numbers of any other employees, the earnings records of any other employees, the time sheets of any other employees, as well as any report totals, and report summaries for which Defendant pays a substantial sum of money to Paychex to produce.

2. All Confidential Information, and any personnel information not specifically and solely related to Mr. Brandon M. Jackson, shall be redacted from any Confidential Documents produced by Paychex, Inc., pursuant to Subpoena herein, so that Paychex, Inc., does not disclose names, addresses, social security numbers, earnings records, earnings reports, payroll totals, payroll summaries, nor any other confidential or proprietary information in response to the Subpoena and Notice of Deposition served by Plaintiff.

3. Likewise, Confidential Information disclosed by Paychex in its responses

to the written Deposition questions, shall not include, and shall specifically preclude disclosure of, any confidential or proprietary information of Defendant, including the names of other employees of Defendant, their addresses, their social security numbers, their earnings records, their earnings reports, payroll totals, payroll summaries, nor any other confidential or proprietary information in response to the Notice of Deposition served by Plaintiff.

4. Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the attorneys for the Parties, employees and independent contractors for the attorneys, employees of the Parties, witnesses, consultants, investigators, process servers, and expert witnesses retained or specially employed for the purposes of this Action. To the extent any Confidential Document or Confidential Information is provided to an expert witness, such expert witness shall: (a) agree in writing, prior to receiving any Confidential Documents or Confidential Information, that he or she shall be bound by the terms of this Order and (b) shall return all Confidential Documents and Confidential Information to the Producing Party, or destroy all Confidential Documents and Confidential Information by shredding, upon conclusion of the Action and all appeals. If a Party intends to provide Confidential Documents or Confidential Information to a fact witness that is not an employee of a Party, or otherwise under the control of a Party, the Party shall

provide a copy of this Order to the witness, and the witness shall: (a) agree in writing, prior to receiving any Confidential Documents or Confidential Information, that he or she shall be bound by the terms of this Order and (b) shall return all Confidential Documents and Confidential Information to the Producing Party, or destroy all Confidential Documents and Confidential Information by shredding.

5. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information, by Paychex, or otherwise, shall not, under the circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon receipt of written notice by certified mail, of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced, and shall not be entitled to use such information in this litigation, disclose it to parties or witnesses, nor otherwise publish outside of the instant litigation.

6. The Parties and all persons subject to the provisions of this Order shall use Confidential Documents and Confidential Information solely and exclusively for the purposes of preparing for, conducting, and participating in the instant

litigation (including any appeal); and not for any other competitive business purpose, personal purpose, or other improper purpose unrelated to the facts set forth in the Complaint, as amended from time to time, and any collection activity related thereto.

7. The Parties' designation or production of Confidential Documents and Confidential Information pursuant to this Order shall not be deemed an agreement that such documents are relevant to any matter at issue in this Action. Each Party reserves the right to object to, or to seek an appropriate Order limiting, any other use which any other Party may seek to make of such Confidential Documents or Confidential Information, either in discovery or at trial of the Action.

8. No copies of Confidential Documents or Confidential Information produced by any Party will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then any such filing shall be made under seal, or with Confidential Information redacted, if not prohibited by law.

9. Upon the conclusion of the Action, all Confidential Documents and Confidential Information, and all copies, extracts, summaries, facsimiles thereof,

and all electronically, optically, or magnetically stored information of any kind, including, without limitation, diskettes, compact discs, computer files, flash memory disc, and similar storage media ("Electronically Stored Documents") shall be destroyed, or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, flash memory, and any other storage media.

10.    Nothing herein is intended to alter or diminish the protections of the attorney-client privilege or work-product doctrine.

11.    Because a violation of this Order by a Receiving Party could cause irreparable harm to the Producing Party, or to Defendant, and there is no adequate remedy at law for such violation, Defendant shall have the right, in addition to any other remedies available to it at law or in equity, to seek to enjoin a Receiving Party in this Court from any violation of this Order, provided that Defendant seeking relief first makes a good-faith attempt to resolve the issue in writing, by certified mail, twenty-one (21) days before filing for any remedy under this Order.

12.    This Order shall inure to the benefit of, and be binding upon, the Parties and their respective successors, heirs, agents, personal representatives, and assigns.  In particular, any Party who or which has filed any responsivepleading shall be bound by the terms of this Order.

13. Any time limit contemplated by this Order may be extended by an agreement in writing, signed by counsel of record for each Party, or by any Party pro-se.

IT IS SO ORDERED this 28th day of April, 2008.

Approved as to form and content:   _____
HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

*/s/ Louise Tausch        on 4/24/08*
_____
Louise Tausch Atchely Russell Waldrop & Hlavinka, LLP Counsel for Plaintiff PO Box 5517 Texarkana, TX 75505-5517

*/s/ A.J. Kelly   on 4/25/08*
_____
Mr. A.J. Kelly Kelly Law Firm, PLC Attorney for Defendant PO Box 251570 Little Rock AR 72225-1570 (501) 374-0400 E-mail: KellyLawFedECF@aol.com (ECF only) E-mail: ajkiplaw@aol.com (non-ECF)