**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BRANDON MURRAY JACKSON**                                                                              **PLAINTIFF**

**V.**                                    **No. 4-07-CV-737-BSM**

**HANDCUT STEAKS OF LAKEWOOD, Inc.
d/b/a SADDLE CREEK WOODFIRED GRILL**                                          **DEFENDANT**

**PROTECTIVE ORDER**

Defendant applies to the Court for entry of a Protective Order concerning all discovery, investigative files, and other matters produced or requested by Plaintiff in this matter, as well as any trade secrets, and other confidential and proprietary information that may be used in this case. This is a case where Plaintiff, a white male, alleges discrimination, including a hostile work environment and retaliatory discharge, while working at a restaurant. Defendant denies the allegations. In order to avoid litigating, item by item, the need for a Protective Order, the Parties have agreed to entry of this Order. For good cause shown, and by agreement of the parties, the Court enters this Protective Order.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED:

1. For purposes of this Protective Order, "**Confidential Documents**" shall include any documents requested from, or produced by, Defendant, as those documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature.  For purposes of this Protective Order, "**Confidential Information**" shall include any information produced by Defendant in discovery, either in writing, documents, responses to interrogatories, and specifically including all deposition responses of any and all witnesses in this case (with the exception of Tarek Shehadeh).  "Confidential Information" shall specifically include the social security numbers of any and all other employees of Defendant, the earnings records of any and all other employees of Defendant, the time sheets of any other employees of Defendant, as well as any reports, summaries, or other management materials used or produced by Defendant in any way in this case, including those materials produced by former employees of Defendant.

2. All Confidential Information, and any personnel information not specifically and solely related to Mr. Brandon M. Jackson, may be redacted from any documents produced by Defendant, so that such information does not disclose social security numbers, earnings records,

earnings reports, payroll totals, payroll summaries, nor any other confidential or proprietary information in response to the Interrogatories and Requests for Production, or Notices of Deposition, served by Plaintiff. Whether or not information is redacted, it is still subject to this Protective Order and considered Confidential Information.

3. Likewise, Confidential Information disclosed by Defendant in any of its responses to Interrogatories and Deposition questions, written or unwritten, shall not include, and shall specifically preclude disclosure of, any confidential or proprietary information of Defendant, Defendant's employees, their social security numbers, earnings records, earnings reports, payroll totals, payroll summaries, or any other confidential or proprietary information in response to the Notices of Deposition served by Plaintiff.

4. Confidential Documents and Confidential Information, produced in discovery, or produced from any other non-public source, shall not be disclosed, directly or indirectly, to anyone other than the attorneys for the Parties, employees and independent contractors for the attorneys, investigators, process servers, and expert witnesses retained or specially employed for the purposes of this Action. To the extent any Confidential Document or Confidential Information is provided to an expert witness,

such expert witness shall: (a) agree in writing, prior to receiving any Confidential Documents or Confidential Information, that he or she shall be bound by the terms of this Order and (b) shall return all Confidential Documents and Confidential Information to the Producing Party, or destroy all Confidential Documents and Confidential Information by shredding, upon conclusion of the Action and all appeals.  If Plaintiff or his counsel intends to provide Confidential Documents or Confidential Information to a fact witness that is not an employee of an attorney for a Party, or otherwise under the control of a Party, the Party shall provide a copy of this Order to the witness, and the witness shall: (a) agree in writing, prior to receiving any Confidential Documents or Confidential Information, that he or she shall be bound by the terms of this Order; and (b) shall return all Confidential Documents and Confidential Information to the Producing Party, or destroy all Confidential Documents and Confidential Information by shredding; and (c) shall not use Confidential Information nor Confidential Documents for any purpose outside of this litigation.  True and correct copies of all such written agreements shall be produced to Defendant's counsel prior to the trial testimony of any witness of any nature whatsoever, no later than the disclosure deadline for all witnesses.  Failure to produce such written agreements to Defendant's

counsel by that deadline shall result in the disqualification of any such witness to testify in this matter.

5. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information, by Defendant, Defendant's witnesses, or otherwise, shall not, under the circumstances, be deemed a waiver, in whole or in part, of Defendant's claims of confidentiality. All information and documents produced by Defendant, whether or not specifically designated "confidential" shall be treated by Plaintiff as if the documents or information had been appropriately designated confidential at the moment it was produced, and neither Plaintiff nor his counsel shall be entitled to use such information in this litigation unless as set forth herein as if it were Confidential Information or Confidential Documents, nor disclose it to Parties or witnesses, nor otherwise publish outside of the instant litigation.

6. The Parties and all persons subject to the provisions of this Order shall use Confidential Documents and Confidential Information solely and exclusively for the purposes of preparing for, conducting, and participating in the instant litigation (including any appeal); and not for any other competitive business purpose, personal purpose, other litigation involving either of the Parties herein, or other improper purpose unrelated to the

facts set forth in the Complaint, and any Answer or other defenses thereto.

7. Defendant's production of Confidential Documents and Confidential Information pursuant to this Order shall not be deemed an agreement that such documents are relevant to any matter at issue in this Action, nor that such information or documents are admissible in evidence for any purpose in this Action.. Each Party reserves the right to object to, or to seek an appropriate Order limiting, any other use which any other Party may seek to make of such Confidential Documents or Confidential Information, either in discovery or at trial of the Action.

8. No copies of Confidential Documents or Confidential Information produced by any Party will be made except as necessary for the purposes of this Action. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use such Confidential Documents or Confidential Information in any court filing, then any such filing shall be made under seal, or with Confidential Information redacted, if not prohibited by law.

9. Upon the conclusion of the Action by entry of final judgment, order of dismissal, or entry of Mandate on appeal, all Confidential Documents and Confidential Information, and all copies, extracts, summaries, facsimiles thereof, and all electronically, optically, or magnetically stored information

      of any kind, including, without limitation, diskettes, compact discs, computer files, flash memory disc, and similar storage media ("Electronically Stored Documents") shall be shredded, destroyed, or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, flash memory, tape backup, thumb drive, and any other storage media of any type, so as to guarantee that such information and materials cannot be recovered, copied, or re-assembled in any manner.

10. Nothing herein is intended to alter or diminish the protections of the attorney-client privilege or work-product doctrine.

11. Because a violation of this Order by a Receiving Party could cause irreparable harm to the Producing Party, or to Defendant, and there is no adequate remedy at law for such violation, Defendant shall have the right, in addition to any other remedies available to it at law or in equity, to seek to enjoin a Receiving Party, Plaintiff, or any of Plaintiff's witnesses in this Court from any violation of this Order, provided that Defendant seeking relief first makes a good-faith attempt to resolve the issue in writing, by fax or certified mail, eleven (11) days before filing for any remedy under this Order.

12. This Order shall inure to the benefit of, and be binding upon, the Parties

and their respective successors, heirs, agents, personal representatives, and assigns. In particular, any Party who or which has filed any pleading shall be bound by the terms of this Order.

13. Any time limit contemplated by this Order may be extended by an agreement in writing, signed by counsel of record for each Party, or by any Party *pro-se*.

14. This Order shall be delivered by certified mail to each and every person who has reviewed any information produced by Defendant in this matter for any reason, with the written notation that the recipient shall be bound by the terms of this Order, as if it had been entered at the outset of the litigation in August of 2007. Plaintiff's counsel shall deliver a copy of any and all such notices to Defendant's counsel no later than the date previously required for disclosure of witness lists in this matter. Failure to produce such written notices to Defendant's counsel by that deadline shall result in the disqualification of any such witness to testify in this matter.

IT IS SO ORDERED, this 23rd day of September, 2008.

                                         HONORABLE BRIAN S. MILLER
                                         UNITED STATES DISTRICT JUDGE